IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, as Chapter 11 Trustee for Sentinel Management Group, Inc., <br><br> Plaintiff, <br> v. <br><br> **MCGLADREY & PULLEN LLP** and **G. VICTOR JOHNSON,** <br><br> Defendants. | Case No. 08 C 2205 <br><br> Honorable James B. Zagel |

## REPORT OF 26(f) CONFERENCE

Frederick J. Grede, chapter 11 trustee (the "Trustee" or "Plaintiff") for Sentinel Management Group, Inc. ("Sentinel") and McGladrey & Pullen LLP and G. Victor Johnson (collectively, "M&P" or "Defendants") hereby submit this report of their planning meeting pursuant to Federal Rule of Civil Procedure 26(f).

1. **Meeting:** Counsel participated in a telephonic conference on June 26, 2008 to discuss the matters provided for in Rule 26(f).

2. **Pending Motion:** Currently pending before the Court is Defendants' Motion to Dismiss and Strike. The parties agree that this Report and proposed schedule is submitted subject to and without prejudice to the pending motion.

3. **Discovery Plan**

   a. **Rule 26(a)(1) Disclosures:** Pursuant to Rule 26(a)(1)(C), the parties will exchange Rule 26(a)(1) disclosures by July 14, 2008.

   b. **Discovery Schedule:** The parties have been unable to agree on a schedule.

   (1) **Trustee's Proposed Schedule and Commentary**

   The Trustee proposes the following schedule:

| Close Fact Discovery | November 28, 2008 |
| Expert Reports | November 10, 2008 |
| Rebuttal Expert Reports | December 30, 2008 |
| Expert discovery cut-off | February 2, 2009 |
| Dispositive Motions | February 23, 2009 |
| Trial | May 4, 2009 |

The Trustee's Complaint alleges two causes of action arising out of one audit. Given that the issues in this case focus on M&P's audit, discovery should be focused and easily manageable. The universe of documents relevant to the Trustee's claims is not large, and the Trustee has already provided M&P with all of the documents it has requested to date. The Trustee has produced Sentinel's audit files to M&P and provided M&P with access to a categorized and fully-searchable electronic database, which the Trustee has compiled in connection with the Sentinel bankruptcy and related proceedings. While only a portion is likely to have anything to do with this dispute, because of the categorization and searchability of that database, Defendants can employ search terms across the entire database to find any documents they deem to be relevant in this broad universe of documents assembled by the Trustee. Accordingly, the Trustee believes that discovery can proceed expeditiously in this case.

The Trustee believes that several of the statements in M&P's "commentary" regarding its proposed schedule are inaccurate, including its characterization of the allegations of the Trustee's Complaint and the suggestion that the Trustee has had an unfair head start. In reality, since at least September 2007, M&P has been represented by counsel who knew that issues were being investigated by the Trustee and the Securities and Exchange Commission pertaining to M&P's audit of Sentinel. M&P's counsel had first access to the most relevant documents – M&P's own audit workpapers.

**(2)    M&P's Proposed Schedule and Commentary**

M&P proposes the following schedule:

| | |
|---|---|
| Initial Discovery Requests | July 14, 2008 |
| Responses/Objections | August 15, 2008 |
| Document Production Complete/Discovery Disputes Submitted to Court | September 26, 2008 |
| Start Depositions | December 1, 2008 |
| Plaintiff Discloses Types of Expert Witnesses and General Subject Matters to Be Covered | March 13, 2009 |
| Defendants Disclose Types of Expert Witnesses and General Subject Matters to Be Covered | April 15, 2009 |
| Close Fact Discovery | April 15, 2009 |
| Plaintiff's Expert Reports | May 18, 2009 |
| Defendants' Expert Reports | June 19, 2009 |
| Close Expert Discovery | August 7, 2009 |
| Dispositive Motions | September 21, 2009 |
| Oppositions | October 21, 2009 |
| Replies | November 11, 2009 |
| Trial | To be set by the Court |

If it survives Defendants' motion to dismiss, this case will be high-stakes, complex litigation. This case is not just about one audit, it is about the myriad forces that acted to bring down Sentinel, causing what Plaintiff claims is $550,000,000 in damages. The plaintiff Trustee and its forensic consultants have been investigating these matters since his appointment in August 2007. Through this work, Plaintiff has compiled a database of more than 11 million pages of Sentinel documents, and collected another 305,000 pages from third parties. Plaintiff has had the auditor's workpapers since October 2007. By contrast Plaintiff only recently revealed the scope of its document collection to M&P, and production of documents to M&P is at the earliest stages. In this context, Plaintiff's schedule is impractical and unfair, particularly considering Plaintiff's nearly one year head start in discovery. Plaintiff allots just 4½ months for

3

M&P to conduct its own document discovery, cull critical documents from the 11 million pages already collected, identify witnesses, and conduct all fact depositions. Under Plaintiff's schedule, dispositive motions would not even be fully submitted until the eve of trial and Plaintiff provides virtually no time for the Court to consider these motions or for the parties to prepare pretrial submissions. By contrast, the schedule proposed by M&P sets forth reasonable and by no means excessive times for the orderly conduct of fact discovery, expert discovery, and pretrial submissions, particularly given the complexity of the issues, the damages sought, and the sheer volume of materials involved.

  **d.** **Claims of Privilege:** The parties have discussed and will continue to discuss issues regarding claims of privilege or of protection as attorney work product.

  **e.** **Limitations on Discovery:** The Trustee does not anticipate any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or local rules, except that the parties have agreed to discuss a procedure by which the depositions of certain deponents may exceed the presumptive durational limits set forth in Rule 30(d)(1).

  Additionally, M&P anticipates that it will require in excess of ten depositions. The Trustee reserves his right to object to M&P taking more than ten depositions.

**4.** **Settlement:** The parties have previously discussed settlement. Settlement does not appear likely at this time.

**5.** **Consent**: The parties do not consent to proceed before a Magistrate Judge.

Dated: July 14, 2008        Respectfully submitted,

FREDERICK J. GREDE, not individually  MCGLADREY & PULLEN LLP and G.
but as Chapter 11 Trustee of Sentinel    VICTOR JOHNSON

4

Management Group, Inc.

By: s/ J. Kevin McCall
    One of his attorneys

J. Kevin McCall (ARDC # 03125685)
Chris C. Gair (ARDC # 6190781)
Jeffrey S. Eberhard (ARDC # 6276471)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL  60611
Phone: (312) 222-9350
Facsimile: (312) 527-0484

By: /s/ Thomas H. L. Selby
    One of their attorneys

Richard J. Mason (ARDC # 1787659)
MCGUIRE WOODS, LLP
77 W. Wacker Drive, Suite 4400
Chicago, Illinois 60601
Phone:  (312) 849-8100
Facsimile: (312) 849-3690

Steven M. Farina
Thomas H. L. Selby
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
Phone:  (202) 434-5526
Facsimile: (202) 434-5029

5

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Eberhard, an attorney, certify that on July 14, 2008 I caused a copy of the foregoing **Report of 26(f) Conference** to be served by ECF to:

>Richard J. Mason
>Patricia K. Smoots
>Michael M. Schmahl
>McGuire Woods, LLP
>77 W. Wacker Drive, Suite 4400
>Chicago, Illinois 60601

and by electronic mail and U.S. Mail to:

>Steven M. Farina
>Thomas H.L. Selby
>Williams & Connolly LLP
>725 12th Street, N.W.
>Washington, D.C. 20005
>Facsimile:  202-434-5029


                                                                                    s/Jeffrey S. Eberhard