**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FREDERICK J. GREDE, as Chapter 11 Trustee for Sentinel Management Group, Inc., | |
| Plaintiff, | Case No. 08 C 2205 |
| v. | Honorable James B. Zagel U.S. District Judge |
| MCGLADREY & PULLEN, LLP and G. VICTOR JOHNSON, | |
| Defendants. | |

**REPLY IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS AND STRIKE</u>**

Richard J. Mason (ARDC #1787659)
Patricia K. Smoots (ARDC #6194076)
Michael M. Schmahl (ARDC #06275860)
MCGUIREWOODS LLP
77 W. Wacker Drive, Suite 4400
Chicago, Illinois 60601
Phone: (312) 849-8100
Facsimile: (312) 849-3690

Steven M. Farina
Thomas H. L. Selby
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: (202) 434-5526
Facsimile: (202) 434-5029

*Of Counsel*

*Attorneys for Defendants McGladrey & Pullen, LLP and G. Victor Johnson*

## Table of Contents

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I.     THE DOCTRINE OF *IN PARI DELICTO* REQUIRES DISMISSAL OF
       PLAINTIFF'S CLAIMS. ................................................................................ 2

       A.     The *In Pari Delicto* Doctrine Applies to a Bankruptcy Trustee, Who
              Stands in the Shoes of the Original Debtor .......................................... 2

       B.     The Requirements for Application of *In Pari Delicto* are Satisfied. ..... 7

              1.     Dismissal Is Appropriate Where the Pleaded Facts  Establish *In
                     Pari Delicto*. ............................................................................. 7

              2.     The "Adverse Interest Exception" Does Not Apply Because
                     Sentinel Benefited from the Alleged Wrongdoing. ................... 8

              3.     Plaintiff's Equitable Arguments of "Compensation" and
                     "Deterrence" Merely Re-package Plaintiff's "Innocent
                     Successor" Argument .............................................................. 10

              4.     The Comparative Fault Scheme Is Irrelevant. ........................ 12

II.    PLAINTIFF'S NEGLIGENCE/MALPRACTICE CLAIM FAILS FOR LACK
       OF PROXIMATE CAUSATION. .................................................................. 13

III.   PLAINTIFF'S DAMAGES DEMAND IS FACIALLY DEFICIENT .......................... 14

CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alberts v. Tuft (In re Greater Se. Cmty. Hosp. Corp. I)*,
     353 B.R. 324 (Bankr. D.D.C. 2006) ................................................................passim

*Allard v. Arthur Andersen & Co.*, 924 F. Supp. 488 (S.D.N.Y. 1996)..................................10, 12

*Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*,
     961 F. Supp. 1078 (W.D. Mich. 1997) ................................................ 13

*Askanase v. Fatjo*, No. Civ.A.H-91-3140,
     1996 WL 33373364 (S.D. Tex. Apr. 1, 1996) ....................................... 14

*Baena v. KPMG LLP*, 453 F.3d 1 (1st Cir. 2006) ................................................... 8, 9

*Bank of Marin v. England*, 385 U.S. 99 (1966) ....................................................... 3

*Beck v. Deloitte & Touche*, 144 F.3d 732 (11th Cir. 1998)......................................... 9

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).................................................. 13

*Cenco v. Seidman & Seidman*, 686 F.2d 449 (7th Cir. 1982).........................7, 9, 10, 12

*Claybrook v. Broad & Cassel, P.A. (In re Scott Acquisition Corp.)*,
     364 B.R. 562 (Bankr. D. Del. 2007)...............................................4, 11, 13

*Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233 (7th Cir. 1990)........................ 7, 8

*Doctors Hosp. of Hyde Park, Inc. v. Desnick (In re Doctors Hosp. of Hyde Park, Inc.)*,
     308 B.R. 311 (Bankr. N.D. Ill. 2004) ................................................ 4

*Edgewater Med. Ctr. v. Rogan (In re Edgewater Med. Ctr.)*,
     332 B.R. 166 (Bankr. N.D. Ill. 2005) ................................................ 4

*FDIC v. Ernst & Young*, 967 F.2d 166 (5th Cir. 1992)............................................... 14

*FDIC v. O'Melveny & Myers*, 61 F.3d 17 (9th Cir. 1995) ......................................... 7

*Fehribach v. Ernst & Young LLP*, 493 F.3d 905 (7th Cir. 2007) .........................13, 14

*Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998) ................................................ 6

*Gordon v. Basroon (In re Plaza Mortgage & Finance Corp.)*,
     187 B.R. 37 (Bankr. N.D. Ga. 1995)................................................ 15

*Grassmueck v. Am. Shorthorn Ass'n*, 402 F.3d 833 (8th Cir. 2005) ........................................ 3, 7

*Hefferman v. Bass*, 467 F.3d 596 (7th Cir. 2006) .................................................... 13

*Hill v. Gibson Dunn & Crutcher, LLP (In re ms55, Inc.)*,
   338 B.R. 883 (Bankr. D. Colo. 2006) .................................................... 13

*Holland v. Alexander Grant Andersen & Co. (In re Am. Reserve Corp.)*,
   70 B.R. 729 (N.D. Ill. 1987) .................................................... 9, 10

*In re Sec. Investor Prot. Corp v. R.D. Kushnir & Co.*, 274 B.R. 768 (Bankr. N.D. Ill.
   2002) ("*SIPC*") .................................................... 15

*Indemnified Capital Invs., SA v. R.J. O'Brien & Assocs., Inc.*,
   12 F.3d 1406 (7th Cir. 1993) .................................................... 14

*Knauer v. Jonathon Roberts Fin. Group, Inc.*,
   348 F.3d 230 (7th Cir. 2003) ....................................................3, 8, 9, 11

*Koch Refining v. Farmers Union Central Exchange, Inc.*,
   831 F.2d 1339 (7th Cir. 1987) .................................................... 4

*Maxwell v. KPMG LLP*, 520 F.3d 713 (7th Cir. 2008) .................................................... 15

*McNamara v. PFS (In re Personal & Bus. Ins. Agency)*,
   334 F.3d 239 (3d Cir. 2003) .................................................... 7

*Mediators, Inc. v. Manney (In re Mediators, Inc.)*,
   105 F.3d 822 (2d Cir. 1997) ....................................................3, 12, 13

*Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir. 1984) .................................................... 5, 14

*Nisselson v. Lernout*, 469 F.3d 143 (1st Cir. 2006) *cert. denied*,
   127 S. Ct. 2131 (2007) ....................................................2, 8, 9

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003) .................................................... 3, 11

*Official Comm. of Unsecured Creditors v. Edwards*,
   437 F.3d 1145 (11th Cir. 2006) ....................................................2, 3, 4, 6

*Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*,
   267 F.3d 340 (3d Cir. 2001) ....................................................passim

*Schacht v. Brown*, 711 F.2d 1343 (7th Cir. 1983) ....................................................4, 7, 9, 10

*Schertz-Cibolo-Universal City, Independent Sch. Dist. v. Wright (In re Educators Group
   Health Trust)*, 25 F.3d 1281 (5th Cir. 1994) .................................................... 3

*Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995) ................................................................ 4, 7

*Securities Investor Protection Corp. v. Cheshier & Fuller, LLP (In re Sunpoint Securities, Inc.)*, 377 B.R. 513 (Bankr. E.D. Tex. 2007) ...................................................... 15

*Seitz v. Detweiler, Hershey & Assocs., P.C. (In re CITX Corp.)*, Nos. 03-727, 03-CV-6766, 2005 WL 1388963 (E.D. Pa. June 7, 2005), *aff'd*, 448 F.3d 672 (3d Cir. 2006) .......... 7

*Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.)*, 84 F.3d 1281 (10th Cir. 1996) ...................................................................................3, 4, 5, 11

*Sledd v. Lindsay*, 780 F. Supp. 554 (N.D. Ill 1991) ................................................................ 13

*Smith v. Woodforest Nat'l Bank (In re IFS Fin. Corp.)*, No. 02-39553, 2007 WL 1308321 (Bankr. S.D. Tex. May 3, 2007) ..................................... 11

*Steinberg v. Buczynski,* 40 F.3d 890 (7th Cir. 1994) ............................................................... 15

*Terlecky v. Hurd (In re Dublin Sec., Inc.)*, 133 F.3d 377 (6th Cir. 1997) ...........................3, 8, 11

*Waslow v. Grant Thornton LLP (In re Greenberg, Inc.)*, 240 B.R. 486 (Bankr. E.D. Pa 1999) ................................................................................. 15

*Williams v. Cont'l Stock Transfer & Trust Co.*, 1 F. Supp. 2d 836 (N.D. Ill. 1998) ..................... 9

## STATE CASES

*Bd. of Trs. v. Coopers & Lybrand*, 803 N.E.2d 460 (Ill. 2003) .................................................. 12

*Cannon v. Commonwealth Edison Co.*, 621 N.E.2d 52 (Ill. App. Ct. 1993) .............................. 13

*Craig v. Metro Bank of Dallas*, 601 S.W.2d 734 (Tex. App. 1980) .......................................... 14

*Holland v. Arthur Andersen & Co.*, 469 N.E.2d 419 (Ill. App. Ct. 1984) .................................. 12

*Seidman & Seidman v. Gee*, 625 So. 2d 1 (Fla. Dist. Ct. App. 1992) ........................................... 9

*Vine St. Clinic v. HealthLink, Inc.*, 856 N.E.2d 422 (Ill. 2006) ................................................ 13

## OTHER AUTHORITIES

11 U.S.C. § 541 ...................................................................................................1, 5, 10, 11

11 U.S.C. § 544 ................................................................................................................ 4

## INTRODUCTION

This case is about an alleged fraud which, according to Plaintiff was perpetrated by Sentinel Management Group, Inc. ("Sentinel") through its owners and managers.  Plaintiff, as bankruptcy trustee standing in Sentinel's shoes, now seeks to blame Sentinel's auditors for failing to report to Sentinel its own fraud.  This is a classic fact pattern for the application of the doctrine of *in pari delicto*.

In opposition, Plaintiff primarily relies upon an incorrect proposition of law:  that the law of *in pari delicto* does not apply to a bankruptcy trustee.  This contention can and should be rejected on a motion to dismiss.  In fact, *every circuit court of appeals* that has directly considered it has found Plaintiff's position wanting.  The Bankruptcy Code is clear, and no Seventh Circuit case is to the contrary:  When a bankruptcy trustee sues, as here, under 11 U.S.C. § 541(a) (2000), the Trustee stands in the shoes of the debtor, and the Trustee is therefore subject to the same defenses as a claim brought directly by the debtor would be, including *in pari delicto*.

Plaintiff's other attempts to avoid dismissal are equally unavailing.  Plaintiff mischaracterizes the law governing the "adverse interest exception" in an effort to seek refuge from the many decisions applying *in pari delicto* to similar facts.  Moreover, his attempt to conflate the law of comparative fault with the *in pari delicto* doctrine is unsupportable.  Finally, Plaintiff never explains how Sentinel relied on Defendants to report Sentinel's own fraud and makes no effort to explain how the supposedly "thinly capitalized" Sentinel (as opposed to its customers) incurred damages of hundreds of millions of dollars (it plainly did not).

Defendants' motion should be granted.[1]

---

[1]    Defendants note that the introduction and background sections of Plaintiff's opposition contain unsubstantiated attacks on the McGladrey audit.  While Defendants vigorously dispute

**ARGUMENT**

**I.    THE DOCTRINE OF *IN PARI DELICTO* REQUIRES DISMISSAL OF PLAINTIFF'S CLAIMS.**

Plaintiff contends that *in pari delicto* should not apply for two reasons:  first, as a matter of law, "bankruptcy trustees are not subject to the *in pari delicto* defense," Opp'n at 10; and, second, that various "requirements" for applying *in pari delicto* are not satisfied in this case. Opp'n at 11.  Both arguments are without merit.

**A.    The *In Pari Delicto* Doctrine Applies to a Bankruptcy Trustee, Who Stands in the Shoes of the Original Debtor.**

Plaintiff contends that *in pari delicto* should not apply to him on the theory that he is an "innocent successor," to whom Sentinel's alleged wrongdoing cannot be imputed.  Opp'n at 10.  Every circuit court to directly consider this argument, however, has flatly rejected it.  *See Official Comm. of Unsecured Creditors v. Edwards*, 437 F.3d 1145, 1151 (11th Cir. 2006).  In *Edwards*, the Eleventh Circuit carefully canvassed its sister circuit courts of appeals and determined that its holding—that *in pari delicto* may be asserted against bankruptcy trustees— was consistent with the conclusion of all the other circuits that had addressed the issue.  *See id.* at 1151 ("[O]ur sister circuits that have considered the issue have unanimously concluded that *in pari delicto* applies with equal force to a trustee-in-bankruptcy as a debtor outside of bankruptcy.").  *Edwards*' assessment is correct:

- The First Circuit agreed with *Edwards*, finding "that the in pari delicto defense must be available to a defendant in an action by a bankruptcy trustee whenever that defense would have been available in an action by the debtor.  As a necessary corollary of that proposition, there is no 'innocent successor' exception available to a bankruptcy trustee in a case in which the defendant successfully could have mounted an in pari delicto defense against the debtor."  *Nisselson v. Lernout*, 469 F.3d 143, 153 (1st Cir. 2006)

---

these allegations, this mudslinging is irrelevant to the motion to dismiss.  Defendants will respond, as necessary, at the appropriate time.

(citations omitted) *cert. denied*, 127 S. Ct. 2131 (2007);

- The Second Circuit has established that a trustee "has no standing to assert aiding-and-abetting claims against third parties for cooperating in the very misconduct that it had initiated." *Mediators, Inc. v. Manney (In re Mediators, Inc.)*, 105 F.3d 822, 826 (2d Cir. 1997); *see also Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158–66 (2d Cir. 2003);

- As phrased by the Third Circuit, "[W]e must evaluate the *in pari delicto* defense without regard to whether the [trustee] is an innocent successor." *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 356–57 (3d Cir. 2001);

- In the Sixth Circuit, "equitable principles of the doctrine of *in pari delicto* were properly interposed . . . to prevent recovery by debtors [trustee] who conspired with the defendants to defraud innocent investors." *Terlecky v. Hurd (In re Dublin Sec., Inc.)*, 133 F.3d 377, 381 (6th Cir. 1997);

- The Eighth Circuit held, "[T]he equitable defense of *in pari delicto* is available in an action by a bankruptcy trustee against another party if the defense could have been raised against the debtor." *Grassmueck v. Am. Shorthorn Ass'n*, 402 F.3d 833, 836–37 (8th Cir. 2005); and

- Like its sister circuits, the Tenth Circuit found that despite policy considerations to the contrary, *in pari delicto* barred recovery by a trustee where the debtor was engaged in wrongdoing. *Sender v. Buchanan (In re Hedged-Invs. Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996).[2]

No circuit court of appeals, including the Seventh Circuit,[3] has disagreed with these decisions,

which reflect the settled principle that "the trustee is subject to all claims and defenses which

might have been asserted against the bankrupt but for the filing of the petition." *Bank of Marin

v. England*, 385 U.S. 99, 101 (1966).

---

[2]    *Cf. Schertz-Cibolo-Universal City, Indep. Sch. Dist. v. Wright (In re Educators Group Health Trust)*, 25 F.3d 1281, 1286 (5th Cir. 1994) (stating, without deciding, with respect to *in pari delicto* "[i]t is well-established that the bankruptcy estate succeeds to the causes of action which the debtor could have brought as of the commencement of the case, subject to any defenses the debtor may have faced.").

[3]    *Edwards* specifically addressed the Seventh Circuit case relied upon by Plaintiff.  437 F.3d at 1151 (explaining that *Scholes* is inapplicable to a bankruptcy trustee's claims because such claims are "governed by the Bankruptcy Code, not the law of receiverships and fraudulent conveyances under state law"  (citing *Knauer v. Jonathon Roberts Fin. Group, Inc.*, 348 F.3d 230, 234–37 (7th Cir. 2003); *In re Hedged-Invs. Assocs., Inc.*, 84 F.3d at 1285 & n.5)).

Against this "veritable mountain of precedent," *Alberts v. Tuft (In re Greater Se. Cmty. Hosp. Corp. I)*, 353 B.R. 324, 362 (Bankr. D.D.C. 2006), Plaintiff urges this Court to chart a new course, advancing an oft-rejected misreading of *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995); *Schacht v. Brown*, 711 F.2d 1343 (7th Cir. 1983); and *Edgewater Med. Ctr. v. Rogan (In re Edgewater Med. Ctr.)*, 332 B.R. 166, 178 (Bankr. N.D. Ill. 2005). *See* Opp'n at 5–10.[4]  Each of these cases, however, turns on the rights of a *receiver or liquidator—not a bankruptcy trustee*. *See Scholes*, 56 F.3d at 753; *Schacht*, 711 F.2d at 1344; *In re Edgewater Med. Ctr.*, 332 B.R. at 177–78.[5]  Courts have repeatedly and unambiguously rejected the application of such cases to trustees. *See Edwards*, 437 F.3d at 1151–52; *In re Hedged-Invs. Assocs., Inc.*, 84 F.3d at 1285; *Lafferty*, 267 F.3d at 358 (finding that *Scholes*, because it involved a receiver, is "easily distinguishable" from cases involving trustees, in which courts have unanimously "applied the *in pari delicto* doctrine to bar claims of a bankruptcy trustee . . . without regard to the trustee's status as an innocent successor"); *Claybrook v. Broad & Cassel, P.A. (In re Scott Acquisition*

---

[4]     Plaintiff also relies on a misreading of *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1342 (7th Cir. 1987), which Plaintiff claims stands for the proposition that "the trustee represents not only the rights of the debtor but also the interests of creditors of the debtor." Opp'n at 10.  But *Koch Refining* addressed claims under § 544—which unquestionably relates to creditors' rights—in addition to § 541 claims.  *See Doctors Hosp. of Hyde Park, Inc. v. Desnick (In re Doctors Hosp. of Hyde Park, Inc.)*, 308 B.R. 311, 318–19 (Bankr. N.D. Ill. 2004).  Contrary to Plaintiff's brief, the very passage quoted does not refer to § 541 claims, as evidenced by the sentence that follows in the same paragraph:  "Pursuant to 11 U.S.C. § 544 the trustee, in his capacity as a creditor, may bring suit . . . ."  *Koch Refining*, 831 F.2d at 1342.  Plaintiff here makes it clear that he is "suing for Sentinel's losses, not its creditors'," so the applicability of a trustee's rights under § 544 is inapposite.  Opp'n at 20.

[5]     While it is true that the plaintiff in *Edgewater* was the debtor in possession following a bankruptcy petition, its position was not equivalent to the plaintiff in the instant case.  The *Edgewater* plaintiff had been appointed a receiver under Illinois law, had its powers expanded to that of custodian, and only then became the debtor in possession.  332 B.R. at 177.  "The appointment of a receiver alters the defenses to which a corporation is subject by removing the wrongdoer from the scene for purposes of *in pari delicto*."  *Id.* (citing *Scholes*, 56 F.3d at 754).  In the instant case, Plaintiff is a trustee, but *not* a receiver or custodian.

*Corp.*), 364 B.R. 562, 570 (Bankr. D. Del. 2007) ("[I]f a claim by a debtor is barred by an *in pari delicto* defense, that same claim brought by a trustee is similarly barred.  Every circuit court that has addressed this issue has come to the same conclusion."); *In re Greater Se. Cmty. Hosp.*, 353 B.R. at 362 (relying on the "veritable mountain of precedent" that *in pari delicto* applies to bankruptcy trustees).

These decisions are grounded in statute:  unlike receivers, trustees are subject to the strictures of the Bankruptcy Code.  *See* 11 U.S.C. § 541(a).  The Bankruptcy Code unambiguously provides that a debtor's estate includes "all legal or equitable interests of the debtor as of the commencement" of the bankruptcy.  *Id.*  "Thus, whatever rights a debtor has in property at the commencement of the case continue in bankruptcy—no more, no less.  Section 541 'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.'"  *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984) (*quoting* H.R. Rep. No. 595, 95th Cong., 2nd Sess., *reprinted in* 1978 U.S.C.C.A.N. 5787, 5868).  Accordingly, a trustee is "subject to the same defenses as could have been asserted by the defendant had the action been instituted by the debtor."  *Lafferty*, 267 F.3d at 356 (quotations omitted); *In re Hedged-Invs. Assocs.*, 84 F.3d at 1286 ("Neither the text of the Code nor its legislative history suggests any exceptions to the principle that the strength of an estate's cause of action is measured by how it stood 'as of commencement of the case.'" (alteration omitted) (*quoting* 11 U.S.C. § 541(a)(1))); *In re Greater Se. Cmty. Hosp.*, 353 B.R. at 365 (holding that both the Bankruptcy Code's text and its legislative history clearly indicate that *in pari delicto* applies to trustees).  As the *Edwards* court explained:

> [Plaintiff] erroneously relies on [*Scholes*] . . . to support his argument that *in pari delicto* does not bar recovery by a bankruptcy trustee.  [Plaintiff] argues that the Seventh Circuit refused to apply *in pari delicto* to bar recovery for a receiver who

brought a fraudulent conveyance action under Illinois law, but
[Plaintiff's] appeal is *governed by the Bankruptcy Code, not the
law of receiverships and fraudulent conveyances* under state
law. . . . Both the text and purposes of the Bankruptcy Code
support the conclusion of the district court that [Plaintiff's]
complaint is subject to the same defenses that were available
against a complaint filed by the debtor at the commencement of the
bankruptcy.

*Edwards*, 437 F.3d at 1151–52 (emphasis added) (citations omitted). Thus, when a trustee brings

claims as a successor in interest of the debtor pursuant to § 541, the trustee is subject to the

doctrine of *in pari delicto*, even if a receiver is not.[6]

Insofar as it is pertinent at all, the sole Seventh Circuit case on which Plaintiff relies that

involved a trustee, *Fisher v. Apostolou*, 155 F.3d 876 (7th Cir. 1998), contains only *dicta*.

According to Plaintiff, the *Fisher* court "*held* that the trustee could maintain suit against third

parties, regardless of whether the debtor or its insiders had been wrongdoers, because 'now that

the trustee is in control, he should be able to pursue claims against the other wrongdoers for the

benefit of the entire class of creditors.'" Opp'n at 8 (emphasis added) (*quoting* 155 F.3d at 880).

But the court held nothing of the kind. The language quoted by Plaintiff from *Fisher* comes, not

from any holding of the court, but from *the court's summary of the trustee's argument*:

> *The trustee here reasons* that he stands in the same position as the
> *Scholes* receiver: Lake States may have been a wrongdoer at one
> time, but *now that the trustee is in control, he should be able to
> pursue claims against the other wrongdoers for the benefit of the
> entire class of creditors*.

155 F.3d at 880 (emphases added). And Plaintiff further truncates the next sentence of the

opinion wherein the court makes it clear that its decision is independent of the trustee's *in pari

delicto* argument: "*Although* the trustee's *Scholes* argument is convincing on the inapplicability

---

[6]    Defendants are not aware of any caselaw, and Plaintiff cites none, supporting Plaintiff's
assertion that the treatment of Illinois "liquidators" under state law dictates the treatment of a
"trustee" under the Federal Bankruptcy Code. *See* Opp'n at 10.

of the *in pari delicto* doctrine here, *he overlooks a crucial difference between Scholes and the present case.*" *Id.* (emphasis added to language omitted by Plaintiff). Far from standing for the proposition that *Scholes* applies to a trustee, the Seventh Circuit expressly rejected the application of *Scholes* to the facts of that case. Moreover, the passing *dicta* in *Fisher* pales as authority in comparison to the mountain of cases that have concluded that, where the doctrine of *in pari delicto* would have barred recovery by the debtor, it also bars recovery by a trustee standing in the debtor's shoes under § 541.[7]

**B.    The Requirements for Application of *In Pari Delicto* are Satisfied.**

**1.    Dismissal Is Appropriate Where the Pleaded Facts Establish *In Pari Delicto*.**

Next, Plaintiff suggests that *in pari delicto* cannot be established on the pleadings, and, therefore, it "would be improper to dismiss the Complaint on *in pari delicto* grounds." Opp'n at 11. Plaintiff cites no case that actually supports this position,[8] and ignores ample case

---

[7]    The Plaintiff's errant citation to *McNamara v. PFS (In re Personal & Bus. Ins. Agency)*, 334 F.3d 239, 246 (3d Cir. 2003) only demonstrates the weakness of his argument. Opp'n at 8 n.6. *McNamara* addresses fraudulent conveyance claims under § 548, not a tort claim under § 541. *McNamara*, 334 F.3d at 245–46. This difference is crucial: "[U]nlike § 541, the plain language of § 548 did not direct the courts to evaluate the defenses as they existed at the commencement of the bankruptcy." *See Seitz v. Detweiler, Hershey & Assocs., P.C. (In re CITX Corp.)*, Nos. 03-727, 03-CV-6766, 2005 WL 1388963, at *11 (E.D. Pa. June 7, 2005) (mem.), *aff'd*, 448 F.3d 672 (3d Cir. 2006). By contrast, Plaintiff ignores the more recent and widely accepted *Lafferty* decision applying *in pari delicto* to a § 541 claim by a trustee. 267 F.3d 340.
    Likewise, *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995) (per curiam), is entirely inapposite. *See* Opp'n at 8 n.6. *FDIC* involves a *receiver*, not a trustee, and it fails to discuss § 541 at all. *See, e.g.*, *Grassmueck v. Am. Shorthorn Ass'n*, 365 F. Supp. 2d 1042, 1048 (D. Neb. 2005), *aff'd*, 402 F.3d 833 (8th Cir. 2005); *Lafferty*, 267 F.3d at 358. In any case, the quoted passage is pure *dicta*, discussing policy considerations without consideration of congressional intent or statutory language.

[8]    Plaintiff cites *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233 (7th Cir. 1990), *Cenco v. Seidman & Seidman*, 686 F.2d 449 (7th Cir. 1982), and *Schacht v. Brown*, 711 F.2d 1343 (7th Cir. 1983), none of which even remotely stands for the proposition that dismissal on the ground of *in pari delicto* is "improper." In *Diamond Mortgage*, the case was not dismissed because the

law to the contrary. *See Knauer v. Jonathon Roberts Fin. Group, Inc.*, 348 F.3d at 238

(affirming *in pari delicto* dismissal); *Baena v. KPMG LLP*, 453 F.3d 1, 8 (1st Cir. 2006) (same);

*Nisselson v. Lernout*, 469 F.3d at 158 (same); *In re Dublin Sec., Inc.*, 133 F.3d at 380 (same);

*Alberts v. Tuft (In re Greater Se. Cmty. Hosp. Corp. I)*, 353 B.R. at 369 (same).

### 2. The "Adverse Interest Exception" Does Not Apply Because Sentinel Benefited from the Alleged Wrongdoing.

The Complaint alleges that Sentinel's fraud allowed the company to generate

customer investment, secure and service corporate debt, and leverage its investments to the

advantage of corporate accounts—all clear and indisputable benefits to the corporation itself.

*See, e.g.*, Compl. ¶¶ 40 & 66 & SMG Compl. ¶¶ 45, 50–51, 58 & 101; (using fraudulently

induced investments to secure, service, collateralize, pay down corporate debt); SMG Compl.

¶¶ 43–44, 47, & 73–84 (accumulating "funds obtained from customers" through "materially

false" customer account statements that "ensured that customers would believe that the value of

the portfolio always exceeded its cost"); SMG Compl. ¶¶ 56–57 & 60 (generating interest

income from corporate debt and government securities); Compl. ¶¶ 37–39 & SMG Compl. ¶¶ 3,

39–41, 45, 49, & 61 (leveraging funds through "repo" transactions, by which "Sentinel obtained

control over $2 billion of securities with none of its own equity" and apportioned trading gains to

Sentinel's "house" account). Because the Complaint alleges that Sentinel both participated in

and benefited from the purported fraud, the adverse interest exception is not applicable, and

Plaintiff's claims should be dismissed under the doctrine of *in pari delicto*.

Plaintiff seeks to avoid dismissal by arguing that "if the insiders' conduct harmed

Sentinel, then [that conduct] cannot be imputed." Opp'n at 11. This formulation turns the law of

---

complaint directly refuted the participation of the company in the fraud. 913 F.2d at 1248.
*Cenco* and *Schacht* are silent as to the appropriateness of dismissal based on *in pari delicto*.

"adverse interest exception" on its head.  As this Court has found, the adverse interest exception

applies only where a company's agents have "totally abandoned" the company's interests "and

[are] acting entirely for [their] own or another's purposes."  *Williams v. Cont'l Stock Transfer &*

*Trust Co.*, 1 F. Supp. 2d 836, 843 (N.D. Ill. 1998) (quotations omitted).  Where fraud permeates

top management, those actions must be imputed to the company.  *See* Mot. at 12 (*citing Cenco*,

686 F.2d at 454; *Knauer*, 348 F.3d at 234 n.4).

       In determining whether the adverse interest exception should apply, the question

for the court is not whether the alleged misconduct harmed the company.  Instead, the question is

whether the alleged fraud was in any way *beneficial to* the company.  *See Schacht*, 711 F.2d at

1347–48 (holding that the adverse interest exception does not apply unless the wrongdoing can

"[i]n no way. . . be described as beneficial" to the company).  But, even assuming the assertion

that the fraud ultimately harmed Sentinel, *in pari delicto* still would apply.  *See* Opp'n 12–13.

The adverse interest exception is not automatically triggered whenever misconduct contributes to

a future financial harm.  If it were, it would effectively eliminate the *in pari delicto* doctrine

altogether, since unmasked frauds resulting in lawsuits rarely, if ever, benefit a company in the

long run.  Accordingly, a company's ultimate demise is irrelevant to the applicability of *in pari*

*delicto*.  *See Baena*, 453 F.3d at 7 (applying *in pari delicto* even though fraud was "not in the

long-term interest of the company"); *Nisselson v. Lernout*, 469 F.3d at 156 n.4 (a company's

"subsequent implosion is of no moment" in determining applicability of adverse interest

exception); *Seidman & Seidman v. Gee*, 625 So. 2d 1, 3 (Fla. Dist. Ct. App. 1992) (per curiam);

*Beck v. Deloitte & Touche*, 144 F.3d 732, 736 (11th Cir. 1998) (short-term gain to the

corporation sufficient); *In re Greater Se. Cmty. Hosp. Corp. I*, 353 B.R. at 368 (same).

       Plaintiff cites *Schacht* and *Holland v. Alexander Grant Andersen & Co. (In re Am.*

*Reserve Corp.*), 70 B.R. 729 (N.D. Ill. 1987),[9] in urging application of the adverse interest

exception. Opp'n at 13. However, these cases actually argue against applying the exception in

the instant case. In *Schacht*, the court distinguished its facts—where the alleged conduct could

*in no way* be described as beneficial to the company—from cases, like this one, where company

managers are accused of "turning the company into an engine of theft against outsiders."

*Schacht*, 711 F.2d at 1347–48 (*quoting Cenco*, 686 F.2d at 454); *see also Holland*, 70 B.R. at

735.[10] Plaintiff does not dispute that the purported fraud against Sentinel's customers not only

"permeat[ed] the top management," *Cenco*, 686 F.2d at 456, but that it was conducted by those

who controlled Sentinel in every material respect. *See* Mot. at 9–12, 13 n.8.

>        *In pari delicto* applies to bar Plaintiff's claims because Sentinel, through its

principals and senior management, participated in *and benefited* from the alleged fraud.

>        **3.     Plaintiff's Equitable Arguments of "Compensation" and "Deterrence"
>                Merely Re-package Plaintiff's "Innocent Successor" Argument.**

>        Although Plaintiff attempts to repackage his "innocent successor" argument as a

weighing of the equities, Plaintiff fails to recognize that he is a trustee subject to the strict

confines of the Bankruptcy Code, and there is no equitable exception to the relevant provisions.[11]

---

[9]     Both of these cases are also distinguishable because they address federal RICO claims,
and deemed *Cenco* inapplicable to RICO. *See Holland*, 70 B.R. at 735; *Schacht*, 711 F.2d at
1347. RICO claims are not at issue in this case.

[10]    In addition, Plaintiff cites *Allard v. Arthur Andersen & Co.*, 924 F. Supp. 488, 494
(S.D.N.Y. 1996) for the proposition that the extension of credit that "provide[s] an illusory
financial cushion" does not benefit a company. But this statement is considering fraud *against* a
company, not fraud *on behalf of* a company. In any event, this quotation is unrelated to that
court's consideration of the adverse interest exception. *See id.* at 495.

[11]    In arguing that his position is equivalent to other parties not subject to the Bankruptcy
Code, Plaintiff ignores policy considerations underlying § 541(a). "[O]verlooking the
requirements of § 541(a) would only provide an incentive for companies that would otherwise
stand *in pari delicto* with respect to third parties to file for bankruptcy. Congress has made clear
. . . that bankruptcy should be an option of last resort. . . . Any reading of the Bankruptcy Code

11 U.S.C. § 541(a)(1); *see supra*. This restriction "ensures that the Trustee holds only those rights that the debtor held at the commencement of the case. . . . If [the debtor company] was subject to the defense of *in pari delicto* when it filed bankruptcy, the Trustee is likewise subject to the defense." *Smith v. Woodforest Nat'l Bank (In re IFS Fin. Corp.)*, No. 02-39553, 2007 WL 1308321, at *3 (Bankr. S.D. Tex. May 3, 2007) (citations omitted); *see also In re Scott Acquisition Corp.*, 364 B.R. 562, 571 (Bankr. D. Del. 2007); *In re Hedged-Invs. Assocs., Inc.*, 84 F.3d 1281, 1285 (10th Cir. 1996) (*citing* H.R. Rep. No. 595, 95th Cong., 1st Sess. 368, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323).

In any case, the equities do not support crafting a new exception to the *in pari delicto* doctrine. The Seventh Circuit has singled out one equity above "compensation" or "deterrence." This "basic equity" is "that [a defendant], which apparently had little to do [with the underlying bad acts], should not be liable to [a Plaintiff], which was deeply complicit in the crimes." *Knauer v. Jonathon Roberts Fin. Group, Inc.*, 348 F.3d 230, 237 (7th Cir. 2003). When a complaint establishes that the debtor was the engine of the fraud—as Plaintiff's allegations do—*in pari delicto* applies, and there is no equity exception. *Id.*; *In re Dublin Sec., Inc.*, 133 F.3d at 380; *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 158 (2d Cir. 2003). Indeed, to the extent the Court considers the "compensation factor" at all, § 541(a) dictates that the Court view Plaintiff as it would the "guilty Sentinel insiders," Opp'n at 14, as Plaintiff only can assert those claims that could have been brought by the Company. Preventing wrongdoers such as Sentinel, in whose shoes Plaintiff stands, from being compensated goes to the very purpose of the *in pari delicto* doctrine.

---

that makes bankruptcy more appetizing to a potential debtor than what the text of the Code explicitly permits should be viewed with skepticism." *In re Greater Se. Cmty. Hosp. Corp.*, 353 B.R. 324, 363–64 (Bankr. D. D.C. 2006) (citations and footnotes omitted).

In fact, in the very case from which Plaintiff claims the "deterrence factor"

derives, the Seventh Circuit applied *in pari delicto* to bar a claim against an auditor:

> From the standpoint of deterrence, the question is whether the type of fraud that engulfed Cenco between 1970 and 1975 will be deterred more effectively if Cenco can shift the entire cost of the fraud from itself (which is to say, from its stockholders' pockets) to the independent auditor who failed to prevent the fraud. We think not. . . . [I]f the owners of the corrupt enterprise are allowed to shift the costs of its wrongdoing entirely to the auditor, their incentives to hire honest managers and monitor their behavior will be reduced.

*Cenco*, 686 F.2d at 455. The principle announced by *Cenco*—that deterrence is more effective if

bad actors are forced to bear the cost of their fraud than if that cost is passed off to auditors—

weighs in favor of the application of *in pari delicto*.

**4.      The Comparative Fault Scheme Is Irrelevant.**

Plaintiff's final argument—that Illinois' comparative fault scheme supersedes the

*in pari delicto* doctrine—is unsupported. The doctrine of *in pari delicto* is unaffected by the

particular structure of Illinois' comparative fault regime. Comparative negligence and *in pari*

*delicto* are distinct defenses. The Illinois cases cited by Plaintiff do not address *in pari delicto*.

*Holland v. Arthur Andersen & Co.*, 469 N.E.2d 419, 427 (Ill. App. Ct. 1984) ("[Defendants]

moved to dismiss on the grounds . . . that such contributory negligence on the part of the

employer would preclude the trustee from recovery[,]" not on the grounds of *in pari delicto*.);

*Bd. of Trs. v. Coopers & Lybrand*, 803 N.E.2d 460, 464–65 (Ill. 2003) (discussing "audit

interference" generally).[12] The doctrine survives as a valid defense in Illinois despite the

---

[12]      In *Allard v. Arthur Andersen & Co.*, 924 F. Supp. 488, 495 (S.D.N.Y. 1996), a case cited by Plaintiff, the court indicated only that under New York and Michigan law the corporation's misconduct "would not *necessarily* operate as a complete bar" to the plaintiff's negligence and malpractice claims (emphasis added); the court did not decide *in pari delicto*. In a later case, the Second Circuit confirmed that under New York Law, *in pari delicto* applied regardless of the state's comparative negligence statute. *In re Mediators, Inc.*, 105 F.3d 822, 826 (2d Cir. 1997).

adoption of comparative fault.  *See, e.g.*, *Vine St. Clinic v. HealthLink, Inc.*, 856 N.E.2d 422 (Ill.

2006).[13]  There is no indication in Illinois statutes or case law of an intent to eliminate the

doctrine of *in pari delicto*.

## II.    PLAINTIFF'S NEGLIGENCE/MALPRACTICE CLAIM FAILS FOR LACK OF PROXIMATE CAUSATION.

Plaintiff does not dispute that he did not and cannot allege that Sentinel relied on

its auditors to report to Sentinel the alleged fraud perpetrated by its owners and officers.  Instead,

Plaintiff asserts that his causation theory rests on Defendants' alleged failure to report Sentinel's

purported fraud *to Sentinel's regulators*.[14]  Plaintiff's theory is baseless.[15]  First, Plaintiff does

not purport to sue on behalf of regulators.  And to the extent Plaintiff claims damages to Sentinel

---

[13]    "Courts that have applied the *in pari delicto* doctrine in other states that have comparative fault statutes have similarly failed to make any mention of those statutes in their decisions."  *In re Scott Acquisition Corp.*, 364 B.R. at 568 (applying Delaware law) (*citing Hill v. Gibson Dunn & Crutcher, LLP (In re ms55, Inc.)*, 338 B.R. 883, 897 (Bankr. D. Colo. 2006) (applying Colorado law)); *Lafferty*, 267 F.3d 340 (Pennsylvania law); *In re Mediators, Inc.*, 105 F.3d 822 (2d Cir. 1997) (applying New York law)); *see also Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1085 (W.D. Mich. 1997) ("Michigan case law firmly recognizes the continuing viability of the doctrine following the advent of pure comparative negligence.").

[14]    Plaintiff suggests that "one aspect of [his] causation theory" continues to be that Defendants "fail[ed] to properly disclose and report to *Sentinel*," Opp'n at 17.  But the Complaint plainly alleges that Sentinel's principals and senior managers orchestrated the purported fraud, and Plaintiff cannot plausibly contend that Sentinel "could not have been expected to recognize its financial peril on its own even though it supplied the financial information on which the audit was based."  *Fehribach v. Ernst & Young LLP*, 493 F.3d 905, 910 (7th Cir. 2007).

[15]    Plaintiff's throwaway line that "[p]roximate causation is not amenable to disposition on a motion to dismiss," Opp'n at 16, is plainly contrary to established precedent.  "In Illinois, the plaintiff must set forth sufficient facts to satisfy *each element* of a claim."  *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) (emphasis added).  Courts routinely dismiss claims for failure to plead proximate causation.  *See, e.g., Sledd v. Lindsay*, 780 F. Supp. 554, 559 (N.D. Ill 1991); *Cannon v. Commonwealth Edison Co.*, 621 N.E.2d 52, 57 (Ill. App. Ct. 1993).  Indeed, the Supreme Court of the United States recently held that where a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face," that complaint "must be dismissed."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

resulting from Sentinel's own regulatory violations, he runs into the same reliance pitfall as his

other claims: Plaintiff does not and cannot allege that Sentinel did not know of its own actions.

*See FDIC v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992); *Fehribach v. Ernst & Young*

*LLP*, 493 F.3d 905, 910 (7th Cir. 2007); *Askanase v. Fatjo*, No. Civ.A.H-91-3140, 1996 WL

33373364, at *27–28 (S.D. Tex. Apr. 1, 1996); *Craig v. Metro Bank of Dallas*, 601 S.W.2d 734,

736 (Tex. App. 1980). To the contrary, Plaintiff has alleged that Sentinel's principals and senior

management were, as the perpetrators, well aware of the fraud. *See* SMG Compl. ¶¶ 50–52, 57–

60, 65–90. Because the Complaint fails to allege that Sentinel relied on Defendants' purported

negligence, Plaintiff's negligence/malpractice claim should be dismissed.

## III.    PLAINTIFF'S DAMAGES DEMAND IS FACIALLY DEFICIENT.

Even if the Court does not dismiss the entire Complaint, as Defendants submit it

should, Plaintiff's $550,000,000 damage demand is flatly inconsistent with the allegations in

Plaintiff's Complaint and should be stricken. Plaintiff admits that he is suing "for Sentinel's

losses, not its creditors'." Opp'n at 20. But even accepting as true (for purposes of the motion)

that Sentinel was itself damaged, the assertion that Sentinel lost over a half a billion dollars is

belied by Plaintiff's allegations that long before McGladrey's audit, Sentinel was "thinly

capitalized," suffered a "massive net capital deficiency," and accomplished its leveraging

scheme with "none of [Sentinel's] own equity." Compl. ¶¶ 3(c), 3(e), 128, 141. In opposition,

Plaintiff does not contend otherwise, but merely asserts that the customers' losses are

recoverable by the corporation (and therefore by the Trustee). But this is contrary to law.

As explained *supra*, the Trustee stands in the shoes of the debtor, with no greater

rights than the debtor itself. *See Moody*, 734 F.2d at 1213. Like the debtor, the Trustee cannot

recover for losses sustained by the customers. *See Indemnified Capital Invs., SA v. R.J. O'Brien*

*& Assocs., Inc.*, 12 F.3d 1406 (7th Cir. 1993).[16]  The cases cited by Plaintiff are not to the

contrary.  Indeed, plaintiff relies on *In re Sec. Investor Prot. Corp v. R.D. Kushnir & Co.*, 274

B.R. 768, 781 (Bankr. N.D. Ill. 2002) ("*SIPC*"), which cites *Indemnified Capital* for this very

proposition.  *SIPC* is distinct from the facts here, because there the plaintiff sought damages

*actually paid out by the company*.  *See id.* at 773.  The court explicitly declined to reach the issue

of whether the company could sue for its customers' losses.  *Id*. at 782.[17]  Moreover, even if

Plaintiff could assert generalized creditor claims, it is barred from pursuing personal claims of

creditors—which these individual customer investment losses clearly are.  *See Steinberg v.*

*Buczynski,* 40 F.3d 890, 892–93 (7th Cir. 1994) ("[The trustee] has no right to enforce

entitlements of a creditor.").  Like the overreaching trustee recently admonished by the Seventh

Circuit, Plaintiff here cannot sue for more than that to which the estate is entitled.  *See Maxwell*

*v. KPMG LLP*, 520 F.3d 713 (7th Cir. 2008).  In these circumstances, the damages claim should

be stricken.[18]

## CONCLUSION

For all these reasons, Defendants' motion should be granted.

---

[16]     Given that the Trustee's rights are no greater than the company's, the fact that *Indemnified* is not a bankruptcy case is irrelevant.

[17]     The other cases cited by Plaintiff are even less helpful for Plaintiff.  In *Gordon v. Basroon (In re Plaza Mortgage & Finance Corp.)*, 187 B.R. 37 (Bankr. N.D. Ga. 1995) the court found a similar damages allegation to be unduly "vague" and required the trustee to file a specific recitation of damages.  *Id.* at 43–44.  Similarly, *Securities Investor Protection Corp. v. Cheshier & Fuller, LLP (In re Sunpoint Sec., Inc.)*, 377 B.R. 513 (Bankr. E.D. Tex. 2007) and *Waslow v. Grant Thornton LLP (In re Greenberg, Inc.)*, 240 B.R. 486, 506 (Bankr. E.D. Pa 1999) do not address the question of ownership of damages posed here.

[18]     Despite the Plaintiff's contention otherwise, courts in this District routinely grant motions to strike where the damages demanded are unavailable as a matter of law.  *See, e.g., Guitar Ctr. Stores, Inc. v. 7250 S. Cicero Equities, LLC*, No. 07 C 4227, 2007 WL 3374592 (N.D. Ill. Nov. 8, 2007); *Tradewinds Aviation, Inc. v. Jet Support Servs., Inc.*, No. 04 C 1406, 2004 WL 2533728 (N.D. Ill. Sept. 28, 2004)

Respectfully submitted,

Dated:  July 16, 2008                    MCGUIRE WOODS, LLP


By:    /s/ Michael M. Schmahl_____
       Richard J. Mason (ARDC #1787659)
       Patricia K. Smoots (ARDC #6194076)
       Michael M. Schmahl (ARDC #06275860)
       McGuireWoods LLP
       77 W. Wacker Drive, Suite 4400
       Chicago, Illinois  60601
       Tel:  312.849-8100

       and

       Steven M. Farina
       Thomas H. L. Selby
       WILLIAMS & CONNOLLY LLP
       725 12th Street, N.W.
       Washington, D.C.  20005
       Phone:  (202) 434-5526
       Facsimile: (202) 434-5029